# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

DONALD RICHARD CRANE,

Defendant.

Case No. CR14-0110

ORDER FOR PRETRIAL DETENTION

On the 3rd day of December, 2014, this matter came on for hearing on the Government's request to have Defendant detained pending trial.[1] The Government was represented by Special Assistant United States Attorney Ravi T. Narayan. The Defendant appeared personally and was represented by his attorney, Mark C. Meyer.

## I. RELEVANT FACTS AND PROCEEDINGS

On October 30, 2014, Defendant Donald Richard Crane was charged by Indictment (docket number 2) with possession of a firearm by a felony. At the arraignment on November 5, 2014, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on January 5, 2015.

Iowa County Deputy Sheriff Douglas VanBennekon testified regarding the circumstances underlying the instant charge. On August 5, 2014, law enforcement received a call reporting a vehicle parked near Casey's General Store. It was reported that

---

[1] At Defendant's initial appearance on November 5, a detention hearing was set for November 7. Prior to the hearing, however, defense counsel notified the Court that he was waiving his right to a hearing while reserving his right to ask for a hearing on a later date. On December 1, Defendant filed a motion for a detention hearing, and the hearing was set on December 3.

a person was passed out in the car, got out of the vehicle, and then got back in. The caller identified the vehicle, including its license plate number.

Deputy VanBennekon responded to the scene and found Defendant sitting in the driver's seat of the described vehicle, with its engine running. VanBennekon knocked on the window, but received no response. VanBennekon then opened the door and "shook him" to check on Defendant's welfare. At that time, VanBennekon observed an open beer on the console of the vehicle and smelled a strong odor of alcohol.

Defendant got out of his vehicle and was taken back to Deputy VanBennekon's squad car. At about that time, Trooper John Deegan of the Iowa State Patrol arrived. According to VanBennekon, he administered field sobriety tests, which Defendant failed. Meanwhile, Deegan observed targets in Defendant's car and Defendant was asked whether there were any weapons in the car. Defendant said there were no weapons. When VanBennekon asked for consent to search the vehicle, Defendant said "I don't care." A search of the vehicle located a loaded .45 caliber handgun in the center console.

Defendant was arrested for operating while intoxicated and taken to jail. After being released from custody the following morning, Deputy VanBennekon talked to Defendant in an interview room at the sheriff's office. According to VanBennekon, Defendant said he was trying to sell the gun in order to pay bills. The interview was video recorded, but VanBennekon could not testify whether the equipment was working properly and had made no effort to determine the whereabouts of the recording.

Defendant is 49 years old. He was born in California and lived there and in Texas most of his life. Defendant moved to Iowa in about 2007. Defendant was married approximately four years ago and prior to his arrest was living with his wife, his adopted daughter (age 7), and his wife's adult son.

Defendant has been unemployed since suffering a work-related injury approximately three years ago. Defendant's Exhibits A and B establish that Defendant suffered a severe neck injury, and Defendant testified that he continues to have constant pain associated with his injury. Defendant has been prescribed pain medication, which is being administered at the Linn County Jail. (Defendant testified that he is in the medical unit.)

Defendant told the pretrial services officer that during a three-year period of time ending in about 2011, he consumed 30 beers per day. According to Defendant, he no longer consumes alcohol. The Court notes, however, that Defendant was charged and later convicted of public intoxication in July 2011, public urination in September 2011, and operating while intoxicated in March 2013; and has an operating while intoxicated charge pending in state court as a consequence of the events on August 5, 2014. Defendant admitted using methamphetamine on a daily basis as a young man, but denied that he has used it in the past 20 years. Defendant's wife told the pretrial services officer, however, that she has "caught" Defendant using methamphetamine on at least two occasions in the past two years.

The Defendant has an extensive prior criminal record dating back to 1985, at age 19, when he was charged with felony battery in California. The Court reviewed Defendant's record in detail at the time of hearing, and will not do so here. The Court notes, however, that Defendant has served prison time in Missouri and California, and has also been convicted of crimes in Oklahoma, Texas, and perhaps Louisiana. Defendant has failed to appear for court proceedings on several occasions. There was been a warrant outstanding for his arrest in California since 2006. In 2008, Defendant was convicted in Texas of bail jumping. Earlier this year, Defendant failed to appear to serve his jail sentence in Johnson County, and a warrant was issued for his arrest.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial

officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with possession of a firearm by a felon. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(E).

It is apparently undisputed that Defendant is a convicted felon. A loaded .45 caliber handgun was found in the console of the vehicle which he was operating on August 5, 2014. The vehicle is registered to Defendant's wife. The following morning, Defendant told a deputy that he intended to sell the gun in order to pay bills. While Defendant has

ties to the community, the Court believes that his extensive history of failing to comply with the terms of supervision, his failure to appear on several occasions, his continued use of drugs and alcohol, and his apparent possession of a loaded handgun in the console of his vehicle pose a danger to the community. The Court has no confidence Defendant would comply with any conditions which it may impose for his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Defendant's motion for a detention hearing (December 1, 2014) to the filing of this Ruling (December 4, 2014) shall be excluded in computing the

time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 4th day of December, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA